[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11692
Non-Argument Calendar

_____

D. C. Docket Nos. 07-60437-CV-WPD
04-60181-CR-WPD

JAMES MCSWAIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 5, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On June 23, 2005, petitioner pled guilty, pursuant to a plea agreement, to

Count Two of a two-count indictment, which alleged that he possessed with intent to distribute at least five grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a) and 860. The district court subsequently sentenced him to prison for a term of 168 months, and an eight-year term of supervised release. Petitioner did not appeal his conviction or sentence. Instead, he moved the district court, pursuant to 28 U.S.C. § 2255, to vacate his conviction and sentence on the ground that his guilty plea was not knowing and voluntary. The district court denied his motion. Petitioner filed a notice of appeal, and the district court granted a certificate of appealability on one issue: whether the district court, in accepting petitioner's guilty plea, failed to inform him of, and explain, the elements of the crime.

In his brief to us, petitioner argues that the colloquy between the court and him at his plea hearing failed to comply with Federal Rule of Criminal Procedure 11 because the court did not adequately apprise him of the nature of the charges; moreover, the record does not indicate that he knew or understood the elements of the charges. He also argues that, because he did not understand the terms of his plea agreement, he did not have an adequate opportunity to "reject it for a better deal."

When reviewing the district court's denial of a § 2255 motion, we review

questions of law <u>de</u> <u>novo</u> and findings of fact for clear error. <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004). "[A] plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" <u>Bousley v. United States</u>, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609, 140 L. Ed. 2d 828 (1998) (citations omitted). "A plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." <u>Id.</u> (quotations and citations omitted). In evaluating the knowing and voluntariness of a plea, the representations of the defendant at a plea hearing, with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). The declarations of the defendant in open court carry a strong presumption of verity which is not overcome by the subsequent presentation of conclusory and contradictory allegations. <u>Id.</u>

The record of the Rule 11 plea hearing reveals that petitioner was informed of the elements of the crime to which he was pleading guilty, that he said he understood the elements, and that, contrary to his assertion, his plea was knowing and voluntary.

AFFIRMED.

3